```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                      :
G & G CLOSED CIRCUIT EVENTS,          :
LLC                                   :
                                      :
     v.                               :   Civil Action No. DKC 11-3274
                                      :
CASTRO & CEDILLOS, INC., et al.       :
                                      :
```

**MEMORANDUM OPINION AND ORDER**

This action was commenced on November 15, 2011, by Plaintiff Joe Hand Promotions, Inc., "a Pennsylvania corporation with its principal place of business located at 407 E. Pennsylvania Boulevard, Feasterville, PA 19053-7847." (ECF No. 1 ¶ 5). The complaint named as defendants Castro & Cedillos, Inc., t/a El Puente De Oro Restaurant ("Castro & Cedillos"); Ciro Castro, a/k/a Circo Castro ("Ciro Castro"); and Anna Ruth Castro. Plaintiffs alleged violations of 47 U.S.C. §§ 605 and 553 and the common law tort of conversion related to Defendants' unauthorized interception and transmission of "'Ultimate Fighting Championship 106': Tito Ortiz v. Forrest Griffin II," a sporting event telecast on November 21, 2009. (ECF No. 1 ¶ 9). Attached to the complaint was the affidavit of an investigator, averring that he witnessed a telecast of "[t]he Super Six World Boxing Classic event" on the same date at El Puento De Oro Restaurant in Silver Spring, Maryland. (ECF No. 1-2, at 2).

The record reflects that Castro & Cedillos and Ms. Castro were served on December 29, 2011. (ECF No. 5). A notice of bankruptcy

was filed with respect to Ciro Castro on January 24, 2012, and the case was administratively closed as to that defendant. When the remaining defendants failed to respond within the requisite time period, Plaintiff moved for clerk's entry of default. (ECF No. 8). Before default could be entered, however, a new plaintiff – "G & G Closed Circuit Events, LLC, . . . a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, CA 95008" – filed an amended complaint, by the same counsel, against Castro & Cedillos and Ms. Castro related to Defendants' unauthorized interception and transmission of "Super Six World Boxing Classic: The Super Middleweights," a different sporting event telecast on the same date as the event referenced in the original complaint. (ECF No. 9 ¶¶ 5, 9). Counsel for G & G Closed Circuit Events attached to the amended complaint a certificate of service, asserting that copies of the amended complaint were mailed to Ms. Castro, on her own behalf and as resident agent for Castro & Cedillos. (ECF No. 9-2).

It appears that the original complaint – filed by the same attorneys and against the same defendants, with the exception of Ciro Castro, the party in bankruptcy – simply named the wrong plaintiff and alleged facts relating to the wrong event. The court notes that the same attorneys are counsel of record in many similar cases filed in this court involving a number of different plaintiffs, and that the complaints in those cases are

substantially similar in form. Thus, it appears that counsel simply cut-and-pasted the wrong plaintiff and referred to the wrong sporting event in the original complaint, then attempted to correct these errors by filing an amended complaint.

Federal Rule of Civil Procedure 5(a)(2) provides that an amended pleading that adds a new claim must be served on a party in default in the manner prescribed by Rule 4. Although the defendants in this case are not technically in default, the amended complaint clearly contains a new claim for relief, insofar as it is brought by a new plaintiff and alleges different facts than those set forth in the original complaint. The purpose of Rule 5(a)(2) is to "ensure[] that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008). In this case, the spirit of that rule would be served by requiring counsel for Plaintiff to start the service process anew. The new plaintiff, G & G Closed Circuit Events, LLC, is not entitled to entry of default based on Defendants' failure to respond to a complaint filed by a different party and containing allegations with respect to a different event.

Accordingly, it is this 6th day of March, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for entry of default filed by Plaintiff Joe Hand Promotions, Inc. (ECF No. 8), BE, and the same hereby IS, DENIED AS MOOT in light of the amended complaint;

2. The clerk is directed to reissue summonses with respect to Plaintiff's amended complaint for service by Plaintiff in accordance with Fed.R.Civ.P. 4; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Plaintiff and directly to the non-represented defendants.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge